**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHRISTOPHER WILLIAMS, *et al.*,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil No. 8:25-03027-CDA** |
| **HOWARD COUNTY, MARYLAND,** | * | |
| **Defendant.** | * | |

*  *  *

**MEMORANDUM OPINION**

BEFORE THE COURT is a Motion to Dismiss filed by Defendant Howard County, Maryland for failure to state a claim. ECF 27. The Court has reviewed all papers, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, Defendant's Motion to Dismiss is DENIED in part and GRANTED in part.

## I. BACKGROUND[1]

Plaintiffs, twelve current or retired Howard County Police Department captains and majors, brought this suit against their employer, Howard County, Maryland (the "County" or "Defendant"). Plaintiffs' Response, ECF 28 ("Pls.' Resp."), at 6; ECF 1. Plaintiffs contend that, despite routinely working more than 40 hours per week with around-the-clock, on-call duties, they did not receive proper compensation from the

[1] For the purpose of deciding a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and construes such facts, as well as reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *See, e.g.*, *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268 (4th Cir. 2022).

County, and when they brought the alleged violations to the attention of their supervisors, they suffered retaliation. Second Am. Compl., ECF 35 ("SAC"); Pls.' Resp. at 6.

On September 9, 2025, six individuals filed this lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law; breach of contract and, in the alternative, unjust enrichment/*quantum meruit* under Maryland common law; "[e]quitable [t]olling, [e]quitable [e]stoppel, & [c]ondition [p]recedent"; and retaliation in violation of the FLSA, Maryland Wage and Hour Law, and Maryland Equal Pay Act. *See* ECF 1. On October 28, 2025, Plaintiffs amended their complaint, adding four plaintiffs and additional facts as well as amending the causes of action to (1) violation of the FLSA; (2) breach of contract under Maryland common law; (3) unjust enrichment/*quantum meruit* (pleaded in the alternative to breach of contract); (4) "[e]quitable tolling, [e]quitable [e]stoppel, & [c]ondition [p]recedent"; (5) retaliation under the FLSA; and (6) retaliation under the Maryland Equal Pay Act. *See* ECF 19. With leave of Court, Plaintiffs filed a second amended complaint on November 18, 2025. SAC; *see also* ECF 24. The Second Amended Complaint, now the operative pleading, added two additional Plaintiffs and alleged additional facts while maintaining the same causes of action. *See* SAC.

Defendant filed the pending Motion to Dismiss Counts I, II, III, and IV of the Second Amended Complaint for failure to state a claim. Motion to Dismiss, ECF 27 ("MTD"). Plaintiff filed an opposition. *See generally* Pls' Resp.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a Rule 12(b)(6) motion to dismiss, courts "accept all factual

allegations as true and draw all reasonable inferences in favor of the plaintiff." *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (citing *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). "The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014) (citing *Twombly*, 550 U.S. at 570).

## III. ANALYSIS

Defendant asserts that Counts I, II, II, and IV must be dismissed because Plaintiffs (1) fail to state a FLSA violation; (2) fail to state a claim for which relief can be granted regarding the alleged breach of contract; (3) fail to sufficiently allege unjust enrichment; and (4) assert the non-existent cause of action of "Equitable Tolling, Equitable Estoppel, & Condition Precedent." MTD at 2, 8, 10, 11,

As a preliminary matter, courts generally do not consider evidence outside of the operative complaint unless such documents are "integral" and "authentic." *See Wongus v. Benedictine Sch. for Exceptional Children, Inc.*, No. JRR-24-3635, 2026 WL 795597, at *3 (citing *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021), and then citing *Chesapeake Bay Found. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D.

Md. 2011)); *Corrigan v. Balt. Police Dep't*, No. ELH-24-3497, 2026 WL 73800, at *10 (D. Md. Jan. 9, 2026). "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found.*, 794 F. Supp. 2d at 611 (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). Defendant attached six exhibits to its Motion, including the County's payment schedule, information about how the payment plans are implemented, and copies of the relevant Howard County Ordinance. ECFs 27-2, 27-3, 27-4, 27-5, 27-6, 27-7. While the Court will consider the applicable law and ordinances, which would be integral to the contract claims and whose authenticity is not disputed, the Court will not consider the County's payment schedule nor the information about how the payment plans are implemented because the parties appear to dispute whether those documents and their contents are integral to the claims.

**a. The Motion to Dismiss Count I, a violation of the FLSA, is denied.**

Defendant argues that Plaintiffs' FLSA claim must be dismissed because Plaintiffs receive a salary and are employed as bona fide executives, rendering them exempt from the FLSA overtime pay provision. MTD at 2. Defendant urges that the "ultimate question of whether the exemption applies is a question of law[]" and that Plaintiffs, in the Second Amended Complaint, infer that they are salaried employees and failed to plead any facts showing they are not also executive, exempt employees under the FLSA. MTD at 3 (quoting *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986)). Plaintiffs counter that the Motion seeks premature resolution of factual disputes and improper acceptance of affirmative defenses at the pleading stage. Pls.' Resp. at 12. On a related point, Plaintiffs note that establishing an individual's exemption under the FLSA is the employer's burden, not the employee's. *Id.* at 13.

The FLSA requires that employers compensate an employee at a rate "not less than one and one-half times the regular rate" when the employee works more than 40 hours a week. *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 214 (2016); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008). However, an employee is not covered, and thus not entitled to overtime compensation, if they work "in a bona fide executive, administrative, or professional capacity" as agency regulations define those terms. *Helix Energy Solutions Grp., Inc., et al. v. Hewitt*, 598 U.S. 39, 43 (2023) (citing 29 U.S.C. § 213(a)(1). The Secretary of Labor sets the standard for determining when an employee is a "bona fide executive." 29 U.S.C. § 213(a)(1). The standard comprises three parts: (1) the salary basis test[2]; (2) the salary level test[3]; and (3) the duties test[4]. *Helix*, 598 U.S. at 44-45; *see also* 84 Fed. Reg. 51230 (2019). All three criteria must be met for the employee to be considered a bona fide executive and thus excluded from the FLSA's protections. *Helix*, 598 U.S. at 45.

---

[2] "[A]n employee can be a bona fide executive only if he receives a 'predetermined and fixed salary'—one that does not vary with the precise amount of time he works." *Helix*, 598 U.S. at 45; *see also* 84 Fed. Reg. 51230 (2019); 29 C.F.R. § 541.100(a)(1)(2015), § 541.601(b)(1)).

> An employee will be considered to be paid on a "salary basis" . . . if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to [exemptions], an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.

29 C.F.R. § 541.602(a)(1).

[3] This test asks "whether th[e] preset salary exceeds a specified amount." *Helix*, 598 U.S. at 45 (citing 84 Fed. Reg. 51230).

[4] This test "focuses on the nature of the employee's job responsibilities." *Helix*, 598, U.S. at 45 (citing 84 Fed. Reg. 51230).

Like any other FLSA exemption, bona fide executive status is an affirmative defense for which "the employer bears the burden of establishing the applicability of [the] exemption[]." *Mitchell v. Fed. Express Corp.*, No. DKC 16-3172, 2017 WL 3434111, at *2 (D. Md. Aug. 10, 2017) (citing *In re Food Lion, Inc.*, No. 94-2360, 1998 WL 322682, at *4, 4 n.9 (4th Cir. June 4, 1998), and then citing *Clark v. J.M. Benson Co.*, 789 F.2d 282, 286 (4th Cir. 1986)). As discussed above, a Rule 12(b)(6) motion tests the legal adequacy of the complaint. This does not involve addressing the merits of an affirmative defense unless the defense "clearly appears on the face of the complaint." *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Thus, despite Defendant's emphasis that an exemption's applicability is a legal, rather than factual, question, the Court considers only the face of the complaint to determine whether Plaintiffs fall into the exempted category of employees.

The Second Amended Complaint presents several facts regarding Plaintiffs' compensation structure. Those allegations, taken as true for the purposes of this Motion, indicate that Plaintiffs are not paid on a salary basis. The Second Amended Complaint states that "Plaintiffs consist of current and retired Police Captains and Majors who work or worked for Defendant in Maryland and are or were compensated on an *hourly* basis." SAC at ¶ 3 (emphasis added). Plaintiffs allege that although the County's policies and job requirements keep captains and majors "continuously on call," they were never paid the "promised stand-by wages" or overtime pay. *Id.* at ¶¶ 2, 4. According to the Second Amended Complaint,

> Pay statements show Captains and Majors are treated as hourly: pay is calculated as hours x assigned hourly rate (as specified in the County's adopted pay plans), paid leave hours are used to keep weekly hours totals at

> forty, and compensatory time is credited hour-for-hour (***not*** 1.5 compensatory hours to each 1 hour worked) with caps/payout limits that expressly changed on July 1, 2025.

*Id.* at ¶ 5 (emphasis in original). Further to this issue, Plaintiffs allege, expressly, that they "are not exempt from the wage and overtime protections of FLSA and Maryland law because they are not paid on a salary basis[,] are not assigned a 29 U.S.C. § 207(k) work period[, and] are paid on bi-weekly pay periods and ordinarily work day tours[.]" *Id.* at ¶ 22; *see also id.* at ¶¶ 36, 65. Additionally, "[t]he County's FY22-FY26 Pay Plans promises 'two hours of straight time pay' for each 24-hour stand-by period, in addition to pay for hours worked between shifts." *Id.* at ¶ 35. "To avoid reductions or deductions in their pay . . ., Plaintiffs must use paid leave and/or compensatory time to keep recorded hourly pay totals at 40 hours each week[,]" regardless of the actual number of hours worked. *Id.* at ¶ 39. The variations and manipulations involved in Plaintiffs' weekly compensation result in Plaintiffs not being paid on a salary basis and, as a result, that Plaintiffs are not exempt under the FLSA. *Id.* at ¶¶ 40, 64.

Based on the governing law and the allegations summarized above, the Court cannot conclude, as a matter of law at this stage in the litigation, that Plaintiffs are bona fide executives exempt from the protections of the FLSA. The face of the complaint does not allege facts that "clearly" establish that Plaintiffs are paid on a salary basis and thus exempt from the protections of the FLSA.[5] They do the opposite. Thus, Defendant's Motion to Dismiss Count I is denied.

---

[5] Defendant also argues that Plaintiffs' FLSA claims fails because they have not "plead any facts to infer that they are *not* executive exempt." MTD at 3. Defendant insists that the allegations make clear that Plaintiffs' primary duties are management. *Id.* at 7. The Court declines to consider this argument at this stage for two reasons. First, as noted above, Plaintiffs set forth sufficient well-pleaded allegations suggesting they may not be paid on a salary basis, thus undercutting Defendant's attempt to invoke the affirmative defense

**b. The Motion to Dismiss Count II, Breach of Contract, is denied.**

Defendant challenges the breach of contract claim in Count II, arguing that Plaintiffs "fail to allege any facts that would allow the court to draw a reasonable inference of alleged liability." MTD at 8. Defendant asserts that although the Second Amended Complaint refers to Plaintiffs' "employment contracts" with "binding compensation terms" in the County's adopted pay plans, these pay plans are not contracts and do not support a cause of action for breach of contract. *Id.* at 9. Plaintiffs contend that they have pleaded that they were paid pursuant to the pay plans and that Defendant violated the pay plan by not fulfilling the obligations under the pay plan to compensate the Plaintiffs. Pls.' Resp. at 14-15.

A breach of contract requires "(1) a contractual obligation and (2) a material breach of that obligation." *GMD Props., LLC v. Safeco Ins. Co. of Am.*, No. LKG-21-02394, 2022 WL 2073854, at *3 (D. Md. June 9, 2022) (citation omitted). To survive a motion to dismiss, "plaintiffs must plead that there existed a 'contractual obligation, breach, and damages[.]'" *Id.* (quoting *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, No. ELH-16-3431, 2018 WL 1471682, at *8 (D. Md. Mar. 23, 2018); *see also RRC Ne., LLC v. BAA Md., Inc.*, 413 Md. 638, 658, 994 A.2d 430, 442 (Md. 2010) ("[I]n order to state a claim for breach of contract, a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant."). "Moreover, courts in this District have not required plaintiffs to cite

---

exemption at this stage. Second, as noted above, the burden of establishing the exemption lies with Defendant, as the party advancing the affirmative defense. Plaintiffs do not need to disprove Defendant's affirmative defense at this stage; they bear only the burden of alleging sufficient facts to support the plausibility of their claims.

precise contractual provisions in order to state a claim for breach of contract under Maryland law." *Class Produce Grp.*, 2018 WL 1471682, at *9 (collecting cases).

Reviewing the allegations, the well-pleaded ones being taken as true at this stage, the Court finds that Plaintiffs have met the standard for pleading a breach of contract claim. Plaintiffs allege that the "Pay Plans . . . form part of Plaintiffs' employments contracts and are binding compensation terms for Captains and Majors[.]" SAC at ¶ 82. The pay plans indicate that each "employee officially assigned to stand-by shall receive two (2) hours of pay at the straight-time rate for each 24-hour stand-by period, in addition to pay for any hours actually worked." *Id.* Plaintiffs plead that they performed the terms of the pay plan "by remaining on-call/stand-by between shifts, designating coverage when relieved, and responding as required by policy—thereby satisfying the Pay Plans' stand-by conditions on a daily basis during the limitations period." *Id.* at ¶ 87. Though they fulfilled their requirements, Plaintiffs aver, Defendant "failed to pay the required stand-by wages[.]" *Id.* at ¶ 88. Plaintiffs then describe several interactions with the chief of police and the County Administration where they raised the stand-by pay issue. *Id.* at ¶ 89. These allegations set forth the contractual obligation and breach required at this stage. The Motion is denied as to Count II.

**c. The Motion to Dismiss Count III, Unjust Enrichment, is denied.**

Turning to the unjust enrichment claim, Defendant argues that Plaintiffs have failed to "sufficiently allege a benefit conferred for which they have not already been compensated and thus, there is no unjust enrichment." MTD at 10. As discussed above, Defendant avers that the pay plans are not contracts and that "Plaintiffs do not allege that the compensation received as salary and additional benefits does not fully compensate

them for any work performed." *Id.* at 11. Rather, according to Defendant, Plaintiffs only allege that their "statements show no stand-by wages." *Id.*

Plaintiffs respond that they plead unjust enrichment in the alternative to Count II "to ensure the County does not retain the value of Plaintiffs' continuous stand-by services without paying for them if the Court ultimately concludes the Pay Plans are not enforceable contract terms." Pls.' Resp. at 21 (citing SAC at¶ 92). They argue that both the federal pleading rules and Maryland law recognize "unjust enrichment/quantum meriut as a restitutionary backstop where an express contract is absent or unenforceable, while prohibiting double recovery if an enforceable contract ultimately governs the subject matter." *Id.* at 21-22 (citing Fed. R. Civ. Pr. 8(d)(2)-(3) and *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 96-97, 747 A. 2d 600, 607 (Md. 2000)). The Court concludes that, read in the light most favorable to Plaintiffs, the Second Amended Complaint sufficiently alleges unjust enrichment as an alternative to breach of contract.

To establish unjust enrichment, there must be (1) "[a] benefit conferred upon the defendant by the plaintiff;" (2) "[a]n appreciation or knowledge by the defendant of the benefit;" and (3) "acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *J. Roland Dashiell & Sons*, 358 Md. at 95 n.7, 747 A. 2d. at 607 n.7. If a plaintiff lacks evidence of the value of the benefit conferred on defendant, then their unjust enrichment claim fails as a matter of law. *See Al-Sabah v. Agbodjogbe*, No. SAG-17-730, 2020 WL 354761, at *3 (D. Md. Jan. 19, 2020) ("In Maryland, the plaintiff [] bears the burden to establish all three elements of his unjust enrichment claim, which includes proving the value of the benefit conferred upon the defendant[.]").

As to the first element, Plaintiffs plead that by remaining continuously on-call/stand-by between shifts, staying reachable and directing operations during critical incidents, keeping County vehicles and equipment ready while on call, and responding within forty-five (45) minutes as required, they conferred a benefit on the County. SAC at ¶¶ 29, 74, 94. Regarding the second element, Plaintiffs plead that the County "adopted and enforced" the polices and job requirements of the Plaintiffs by placing them in stand-by status and using their availability to provide coverage and incident response between shifts. SAC at ¶¶ 86. 95. They also allege that County leadership was aware of the stand-by pay issue yet continued to demand the same stand-by coverage while refusing to pay. SAC at ¶¶ 48-50, 95. Turning to the third and final element, Plaintiffs plead that they were not paid stand-by wages despite the County accepting their continuous stand-by service. Pls' Resp. at 23; SAC at ¶ 96.

The face of the complaint presents adequate facts demonstrating unjust enrichment as an alternative to breach of contract. The Court recognizes, of course, that unjust enrichment is a quasi-contract claim that cannot exist where a contract governs the parties' dispute. *See, e.g.*, *Transamerica Premier Life Ins. Co. v. Selman & Co., LLC*, 401 F. Supp. 3d 576, 597 (D. Md. 2019). However, the claims may co-exist beyond the pleading stage and into discovery as alternatives to one another "where there is a dispute as to the existence of a contract as a whole, the subject of the contract, and even the terms of the agreement." *Tate v. Am. Gen. Life Ins. Co.*, 627 F. Supp. 3d 480, 497 (D. Md. 2022); *see also Transamerica Premier*, 401 F. Supp. 3d at 598 (concluding that it would be "premature" to decide, without discovery, the existence or absence of contractual terms governing the parties' relationship). The Motion to Dismiss Count III is denied.

**d. The Motion to Dismiss Count IV is granted because the equitable doctrines invoked are not standalone causes of action.**

Count IV asserts "Equitable Tolling, Equitable Estoppel, & Condition Precedent." The parties agree that these are doctrines that are considered in the context of statute of limitations, not as individual causes of action. MTD at 11; Pls.' Resp. at 25. Defendant argues that concepts related to modifying a statute of limitations relate to affirmative defenses that must be invoked by defendants, not an element of a claim. MTD at 11. Thus, Defendant asserts that "[g]iven the absence in the Fourth Cause of Action of any stated theory of liability or factual allegations that would allow the court to draw a reasonable inference of alleged liability in this count, Plaintiffs have failed to state a plausible claim and dismissal of Count IV is proper." *Id.* at 12. Plaintiff avers that the County's request to dismiss Count IV ignores the alleged facts and is, in any event, premature because the County has not pleaded the affirmative limitations defense and such defense is not ripe for adjudication on this Rule 12(b)(6) motion. Plaintiffs argue that to the extent Count IV does not need to be a separate count, the appropriate course is to "treat Count IV for what it is: a set of factual allegations and a request for equitable application of tolling/estoppel if the County later asserts a time bar." Pls.' Resp. at 26.

Equitable estoppel and equitable tolling are two of the "various equitable doctrines that potentially afford plaintiffs relief from a limitations period."[6] *Edmonson v. Eagle*

---

[6] It is unclear how Plaintiffs invoke "condition precedent" in furtherance of their claims. This term is often invoked as an affirmative defense. *See U.S. ex rel. Tusco, Inc. v. Clark Constr. Grp., LLC*, 235 F. Supp. 3d 745, 753 (D. Md. 2016); *Barringer v. Progressive Select Ins. Co.*, No. DKC-25-1414, 2026 WL 41092, at *5–6 (D. Md. Jan. 7, 2026); *Abbella Grp. Healthtech, LLC v. Qualivis, LLC*, No. JMC-24-0331, 2024 WL 3377825, at *7 (D. Md. July 11, 2024). Other than in the title for the fourth cause of action, the Second Amended Complaint does not use the phrase. *Cf.* SAC at ¶¶107–08, 110 (using the specific terms "estoppel" and "tolling"). Regardless, because it relates to an affirmative defense

*Nat'l Bank*, 922 F.3d 535, 548-50 (4th Cir. 2019). Generally, application of a statute of limitations is an affirmative defense that a defendant raises and a plaintiff may overcome with facts presented in response. *See Ward v. Branch Banking & Trust Co.*, No. ELH-13-01968, 2014 WL 2707768, at *13 (D. Md. June 13, 2014); *Bushnell v. Bank One Del., N.A.*, No. CCB-04-2502, 2005 WL 8174407, at *3 (D. Md. Oct. 18, 2005). To invoke any of the equitable doctrines, Plaintiffs must plead the relevant facts in their complaint. *See Ndiaye v. Target Corp.*, No. PX-22-00133, 2022 WL 1451647, at *2 (D. Md. May 9, 2022) (looking to the allegations in the complaint to determine whether the statute of limitations has run); *Bishop v. Bd. of Educ. of Calvert Cnty.*, No. DKC-11-1100, 2011 WL 2651246, at *3 (D. Md. July 5, 2011) ("[T]he untimeliness defense is apparent from the face of Plaintiff's complaint and the court will consider Defendant's argument under Rule 12(b)(6)."); *Bushnell*, 2005 WL 8174407, at *3 (considering allegations in the complaint when analyzing whether equitable estoppel applied). However, the need for Plaintiff to plead facts to rebut an affirmative defense[7] does not convert the doctrines into a standalone cause of action. Defendant's Motion to Dismiss Count IV as a standalone claim is granted.

---

and is not a standalone cause of action, the analysis in this subsection applies to it as much as it does to equitable doctrines of tolling and estoppel.

[7] Defendant does not raise the statute of limitations as the basis for dismissing other causes of action, so the Court does not evaluate whether Plaintiffs' allegations rebut this defense.

## IV. CONCLUSION

For these reasons, Defendant's Motion to Dismiss is DENIED as to Counts I, II, and III and is GRANTED as to Count IV, which is DISMISSED. A separate implementing Order will follow.

Date: September 30, 2026

_________/s/__________
Charles D. Austin
United States Magistrate Judge